# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAREEM CURRY,**

        Petitioner,

  v.                                    **Case No. 06-C-124**

**WARDEN CATHERINE J. FARREY,**

        Respondent.

## ORDER ON THE HABEAS CORPUS PETITION

Kareem Curry ("Curry") is a prisoner incarcerated pursuant to a Wisconsin state court judgment of conviction. Proceeding pro se, he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, has filed a motion to proceed in forma pauperis, and a motion for the appointment of counsel.

This is not the first time that Curry has filed a petition for habeas corpus relief in this district. On March 17, 2005, Curry commenced Eastern District Case No. 05-C-292, challenging a different state court conviction than the one that is the focus of the petition in this case. Because Curry is serving separate sentences imposed by different courts, at different times, for different criminal offenses, the pending petition is not successive and may be addressed by this court. Beyer v. Litscher, 306 F.3d 504, 507-08 (7th Cir. 2002). Accordingly, the court will turn its attention to the preliminary screening that is required by Rule 4 of the Rules Governing Section 2254 Cases. Under that Rule, this court must make a preliminary examination of the petition. If the court finds that "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in district court, the judge shall make an order for its summary dismissal."

Curry seeks habeas corpus relief on four grounds. First, citing State v. Koch, 175 Wis.2d 684, 499 N.W.2d 152 (Wis. 1993), Curry alleges a "Riverside violation" and claims that an initial appearance was not held until five days after his warrantless arrest. Second, Curry says that certain inculpatory evidence should have been suppressed by the trial court. Third, Curry says that the actions of his trial counsel created jury bias. Fourth, Curry contends that the trial court's failure to instruct a juror regarding the procedure for submitting questions to the court was an erroneous exercise of discretion.

From a review of the petition, the court cannot say that it plainly appears that the petitioner is not entitled to relief. Therefore, the state will be required to answer the petition. In doing so, the respondent should address the issues of timeliness, exhaustion, and procedural default, if applicable.

## MOTION TO APPOINT COUNSEL

Pursuant to 28 U.S.C. § 2254(h), the court may appoint counsel for a petitioner who is unable to afford counsel. Appointment of counsel is governed by 18 U.S.C. § 3006A (the Criminal Justice Act). "Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997). Upon a determination by the court that "the interests of justice so require, representation may be provided for any financially eligible person" seeking relief under 28 U.S.C. § 2254. 18 U.S.C. § 3006A (a)(2). In addition, representation is appropriate only when (1) given the difficulty of the case and the petitioner's ability, the petitioner cannot obtain justice without an attorney; (2) the petitioner cannot retain an attorney on his own; (3) the petitioner will have a "reasonable chance" of success with an attorney. Winsett, 130 F.3d at 281 (citing Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir.1997).

2

Curry has not provided information adequate to warrant the appointment of counsel under the <u>Winsett</u> standard. Specifically, Curry has not attempted to show that he has been unable to obtain counsel independently. Nor has Curry attempted to demonstrate, in relation to the specific claims presented in his petition, that he will have a reasonable chance of success with an attorney or that the issues presented are particularly complex. While Curry does claim that he lacks legal experience, the same is true of the vast majority of prisoners. Accordingly, the motion for the appointment of counsel will be denied.

## MOTION TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>

As a final matter, the court will address Curry's motion to proceed <u>in forma pauperis</u>. The filing fee for a § 2254 habeas corpus petition is only $5.00. Curry already paid that and no other expenses are required at this time for the case to go forward. Accordingly, his motion to proceed <u>in forma pauperis</u> moot and it will be denied as such.

**IT IS THEREFORE ORDERED** that Curry's motion for the appointment of counsel is **denied.**

**IT IS FURTHER ORDERED** that Curry's motion for leave to proceed <u>in forma pauperis</u> is **denied as moot.**

**IT IS FURTHER ORDERED** that a copy of Curry's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent shall answer the petition within **30 days** after service of the petition.

The petitioner is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a) to send a copy of every paper or document filed with the court to the respondent or his attorney. The

petitioner should also retain a personal copy of each document. If the petitioner does not have access to a photocopy machine, the petitioner may send out identical handwritten or typed copies of any documents. The court may disregard any papers which do not indicate that a copy has been sent to the respondent or her attorney.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2006.

s/AARON E. GOODSTEIN<br>United States Magistrate Judge