UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KAREEM CURRY,

        Petitioner,

        v.                                            Case No. 06-C-124

WARDEN CATHERINE J. FARREY,

        Respondent.

## ORDER

On January 30, 2006, Kareem Curry ("Curry"), a person incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 13, 2006, this court ordered the respondent to answer the petition and on July 13, 2006, the respondent filed an answer. On July 20, 2006, the petitioner replied. All parties have consented to the full jurisdiction of a magistrate judge.

Presently before this court is Curry's motion to enlarge the record. Curry seeks to add a Milwaukee Police Department Arrest-Detention Report to the record in order to support his <u>Riverside</u> claim. Curry included a copy of this report with his motion. Pursuant to Rule 7 of the Rules Governing Section 2254 Cases a court may direct the parties to expand the record by submitting additional materials relating to the petition.

The copy that Curry provides is blank in the section where the judicial officer ordinarily makes his or her probable cause determination regarding the defendant's detention. It is this court's understanding that the copy bearing the judicial officer's signature as well as the date and time that

this determination is made is ordinarily retained by the state. This information may bear some relevance to Curry's Riverside claim.

Therefore, in the interest of obtaining a full and complete record before deciding the merits of Curry's petition, the court orders that the respondent provide a copy of the Milwaukee Police Department Arrest-Detention Report relating to the arrest of the petitioner on September 17, 2000 at 10:37 P.M., in which the probable cause determination section was completed by a judicial officer. The respondent shall have **thirty days** from the date of this order in which to provide the court with a copy of this report. If the respondent is able to furnish this report, the court shall accept this document into the record, subject to Curry's opportunity to admit or deny the correctness of the document.

If no such record exists, or the respondent is unable to locate the report, the respondent shall notify the court of this fact within **thirty days** of this order. In that case, the notification to the court shall also contain the respondent's admission or denial of the correctness of the document submitted by the petitioner.

SO ORDERED.

Dated at Milwaukee, Wisconsin this 12th day of December, 2006.

s/AARON E. GOODSTEIN<br>U.S. Magistrate Judge