# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**KAREEM CURRY,**

                **Petitioner,**

    **v.**                                                **Case No. 06-C-124**

**WARDEN CATHERINE J. FARREY,**

                **Respondent.**

## ORDER GRANTING MOTION TO ENLARGE THE RECORD AND DENYING PETITION FOR A WRIT OF HABEAS CORPUS

On January 30, 2006, Kareem Curry ("Curry"), a person incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 13, 2006, this court ordered the respondent to answer the petition and on July 13, 2006, the respondent filed an answer. On July 20, 2006, the petitioner replied. All parties have consented to the full jurisdiction of a magistrate judge. This court previously screened Curry's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition.

Curry seeks habeas corpus relief on four grounds. First, citing <u>State v. Koch</u>, 175 Wis.2d 684, 499 N.W.2d 152 (1993), Curry alleges a "<u>Riverside</u> violation" and claims that an initial appearance was not held until five days after his warrantless arrest. Second, Curry says that certain inculpatory evidence should have been suppressed by the trial court. Third, Curry says that the actions of his trial counsel created jury bias. Fourth, Curry contends that the trial court's failure to instruct a juror regarding the procedure for submitting questions to the court was an erroneous exercise of discretion.

Curry petitioned the court to enlarge the appellate record to include the Arrest and Detention Report ("ADR") prepared relating to Curry arrest. Curry alleged that this document would support his claim that a <u>Riverside</u> violation occurred. The court was willing to accept a copy of the ADR but recognized that Curry appeared to have obtained his copy prior to the probable cause determination. It is this probable cause determination that is crucial to the question of whether or not a <u>Riverside</u> violation occurred. Therefore, the court ordered the respondent to make an effort to locate and provide to the court a copy of the completed ADR form. The respondent provided the court a copy of this form on January 23, 2007.

The court permitted Curry to challenge the authenticity of the report which he did by pointing out that in numerous spaces the ADR provided by the respondent differs from the one Curry received, specifically that the respondent's ADR has information not included in the copy provided to Curry. The fact that additional information was likely to be found on the copy provided by the respondent was to be expected; in fact, this was precisely the reason why the court requested the government's copy.

As the respondent points out, the copy of the ADR that Curry received as part of the discovery materials in his case came from the prosecutor who was provided the copy from the police. However, it is clear that this copy was made prior to the form being completed (as is to be expected given that the form is presented to the prosecutor as part of the charging process while at the same time the original is being utilized by the sheriff's department as the basis for the defendant's continued pre-charging detention.) It is the completed ADR that the court has now received. This completed form reveals that a Court Commissioner found probable cause on September 19, 2000 at 1:43 PM. (Docket No. 15 at 4.) It was at this point that <u>Riverside</u> was satisfied. Although the defendant was never brought into court and likely was never aware that a judicial officer had found probable cause for his arrest, the requirements of <u>Riverside</u> were satisfied.

The fact that Curry lacks any factual basis for his claim that <u>Riverside</u> was violated is just one of numerous obstacles to Curry obtaining relief. Even assuming that Curry would be able to prove a <u>Riverside</u> violation, he could not show that his appellate counsel was ineffective for failing to raise this argument on appeal because there was no harm from any alleged violation. Curry's continued detention did not yield additional evidence that was used against him, and a defendant will not be permitted to avoid criminal liability for an underlying charge simply because a <u>Riverside</u> violation occurred. Thus, even if this court were to accept Curry's allegation that probable cause for his arrest was never found, Curry would still not be entitled to relief. It thus appears that Curry did not fall through the cracks of the Milwaukee County criminal justice system without a finding of probable cause, but was simply provided with a copy of an ADR that was created before the relevant probable cause determination.

Therefore, the court shall grant Curry's motion to enlarge the appellate record but shall deny Curry's claim for relief on the basis that he was held in violation of <u>Riverside</u>. The decisions of the Wisconsin courts regarding Curry's <u>Riverside</u> claim were not contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. 28 U.S.C. § 2254(d).

As for the other grounds for relief raised in Curry's petition, the respondent argues that all other claims have been procedurally defaulted. In his petition, Curry alleges that in addition to his <u>Riverside</u> claim, in his collateral attack of his conviction he raised his claims regarding the suppression of evidence, jury bias, and the trial court's refusal to permit questions in his petition for review to the Wisconsin Supreme Court. (Docket No. 1 at 5.)

The court of appeals' decision regarding Curry's collateral attack notes "[a] large number of additional errors and omissions are alleged in the petition. However, they are so inadequately

explained, so poorly supported by reference to the record and law, and so inadequately developed, that this court declines to address them on their merits." (Answer, Ex. G at 2.) The court of appeals cites State v. Pettit, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) in support of this action and thus the court of appeals focuses solely upon Curry's Riverside claim. (Id.)

By failing to adequately develop the issues he presented to the court of appeals, Curry is procedurally defaulted from raising these issues in his present habeas petition. See Hashim-Tiggs v. Schneiter, 2007 U.S. Dist. LEXIS 4180, 27-34 (E.D. Wis. 2007); Speener v. Smith, 2002 U.S. Dist. LEXIS 27903, 12 (E.D. Wis. 2002). The court of appeals' refusal to consider Curry's inadequately developed claims rests upon adequate and independent state grounds that this court must respect. See Hashim-Tiggs, 2007 U.S. Dist. LEXIS 4180, 29-31.

> [A] petitioner can . . . procedurally default a federal claim by failing to meet a state procedural requirement. Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002). . . . A federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. Id. at 774 (citations omitted).

> A state ground is "independent" of the federal claim if the state court "actually relied on a state rule sufficient to justify its decision." Prihoda v. McCaughtry, 910 F.2d 1379, 1382 (7th Cir. 1990). It is plain from the court of appeals' decision in this case that it did not adjudicate the federal claim but relied on an independent state procedural rule to deny petitioner's undeveloped claims . . . .

> "A state ground is 'adequate' only if the state court acts in a consistent or principled way." Id. at 1383. The Wisconsin Rules of Appellate Procedure provide that an appellant's brief must contain an argument on each issue raised that contains the appellant's contention, the reasons therefore and citations to the parts of the record relied upon. Wis. Stat. Rule 809.19(1)(e); Stuart v. Weisflog's Showroom Gallery, Inc., 2006 WI App 109, ¶ 36, 293 Wis. 2d 668, 721 N.W. 2d 127 ("Launching an argument unsupported by appropriate citations to the record violates Wis. Stat. Rule 809.19(1)(d) and (e)."). Wisconsin appellate courts routinely refuse to consider inadequately briefed arguments, even in cases involving pro se litigants. See, e.g., State v. Esser, 2006 Wisc. App. LEXIS 1176, 2006 WL 3590799, P 20 (Ct. App. Dec. 12, 2006) [(unpublished)]; State v. Deering, 2006 Wisc. App. LEXIS 1147, 2006 WL 3490357, P 6 (Ct. App. Dec. 5, 2006) [(unpublished)]; State v. Adams, 2005 WI App 88, P 34, 281 Wis. 2d 270, 695 N.W. 2d 903 (Table) (unpublished opinion).

Although it is true that the courts sometimes overlook such deficiencies and consider the merits of an issue that was inadequately briefed, the willingness of the state courts to excuse compliance with state procedural rules on some occasions but not others does not alone render the state rule inadequate. Prihoda, 910 F.2d at 1384. Even if not strictly followed, a state ground will be respected if it is "solidly established," in other words, if it is not regularly disregarded or manufactured seemingly for the occasion. Id. As explained in Prihoda, "[a]ny other approach would discourage state courts from applying plain error doctrines, lest giving one prisoner a break disable the state from enforcing its procedural rules with respect to many others." Id. Where, as in this case, "the only ground given is procedural the federal court must respect it, even though in some other cases the state court ignores the potential procedural basis and addresses the merits." Id. at 1384 (emphasis in original). Because there is no evidence that the court manufactured its "arguments-must-be-adequately-briefed" rule solely for the purpose of denying petitioner's claims, this court must respect the state appellate court's finding of default. . . .

This state court of appeals' determination is an independent and adequate state ground that operates to bar this court from considering the merits of the claims unless petitioner can establish 1) cause for his default and prejudice resulting therefrom or 2) that a manifest injustice will result if this court does not consider the merits of the claims. Steward v. Gilmore, 80 F.3d 1205, 1211-12 (7th Cir. 1996).

Hashim-Tiggs, 2007 U.S. Dist. LEXIS 4180, 27-32.

Although Curry argues that the court of appeals was incorrect in its decision because it should have liberally interpreted the pleadings of a pro se litigant, (Docket No. 10 at 1-2), Curry fails to adequately establish cause for his default and any resulting prejudice or establish that a manifest injustice will result if this court does not consider the merits of his claims. Therefore, this court is required to respect the decision of the court of appeals and consider his claims procedurally defaulted.

**IT IS THEREFORE ORDERED** that Curry's motion to enlarge the record, (Docket No. 11), is **granted**.

**IT IS FURTHER ORDERED** that Curry's petition for a writ of habeas corpus is **denied** and this case is dismissed. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of July, 2007.

BY THE COURT:

s/Aaron E. Goodstein
AARON E. GOODSTEIN
U.S. Magistrate Judge