# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KAREEM CURRY,**

                              **Petitioner,**

    **v.**                                                                                  **Case No. 06-C-124**

**WARDEN CATHERINE J. FARREY,**

                              **Respondent.**

## ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY

On January 30, 2006, Kareem Curry ("Curry"), a person incarcerated pursuant to a state court judgment, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 13, 2006, this court ordered the respondent to answer the petition and on July 13, 2006, the respondent filed an answer. On July 20, 2006, the petitioner replied. All parties have consented to the full jurisdiction of a magistrate judge. This court previously screened Curry's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition.

On August 1, 2007, this court denied Curry's petition on the basis that nearly all of his claims were procedurally barred because the state court of appeals determined that Curry waived these issues by failing to adequately develop them in his brief. Therefore, the court of appeals' refusal to consider Curry's inadequately developed claims rested upon adequate and independent state grounds that this court was bound to respect. Therefore, this court found that Curry's claims were procedurally defaulted. As for Curry's remaining <u>Riverside</u> claim, the court noted that Curry was not entitled to relief because the record demonstrated that no <u>Riverside</u> violation occurred.

Further, even if the court were to find that a Riverside violation did occur, Curry failed to demonstrate the he was denied the effective assistance of counsel on appeal when his appellate counsel failed to raise the issue because Curry failed to demonstrate prejudice by any alleged violation.

On August 16, 2007, Curry filed a letter addressed to Judge J.P. Stadtmueller and captioned "Objection to Recommendation." Based on his letter, it appears that Curry for some reason interpreted the court's August 1, 2007 decision as a recommendation, and not a final order. Pursuant to this order, final judgment was entered the same day. This court was empowered to enter final judgment in Curry's case pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b) following both parties consenting to the full jurisdiction of a magistrate judge. Curry consented on June 19, 2006, (Docket No. 6), and the respondent did so on July 13, 2007, (Docket No. 8). As is explicitly stated in the consent forms that both parties signed, the parties consented to have United States Magistrate Judge Aaron Goodstein "conduct all proceedings in this case, including a bench or jury trial, and order the entry of final judgment." Judge Stadtmueller was never involved in this case and the letter to him has no legal effect.

Following the court's entry of final judgment in this matter, Curry may pursue relief only in the form of an appeal. A prerequisite to an appeal is a certificate of appealability ("COA"). 28 U.S.C. § 2253; Fed. R. App. P. 22(b). Therefore, in order to avoid delay, the court interprets Curry's letter to Judge Stadtmueller as a request for a COA.

To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must

-2-

Case 2:06-cv-00124-AEG   Filed 08/17/07   Page 2 of 3   Document 20

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The court does not find that jurists of reason would find this court's assessment of the constitutional claims to be debatable or wrong. As was explained in this court's order, when a state court rejects a petitioner's claim upon adequate and independent state grounds, a federal court reviewing a habeas petition of a state prisoner is bound to respect the state's determination absent the petitioner's ability to demonstrate cause for his default and that prejudice would result or demonstrating that a manifest injustice would occur if the federal court did not consider the merits of the claim. Curry failed to provide an appropriate explanation to excuse his default. The court does not consider this point debatable among jurists of reason.

As for his Riverside claim, not only did the court conclude that no violation occurred, even if a violation did occur, Curry failed to demonstrate the he was prejudiced by his appellate counsel's failure to raise the issue on appeal. The court does not believe that jurists of reason could debate whether or not Curry is entitled to federal habeas relief on this ground. Therefore, the court shall deny Curry's request for a COA.

**IT IS THEREFORE ORDERED** that Curry's request for a certificate of appealability is **denied**.

Dated at Milwaukee, Wisconsin this 17th day of August, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge

-3-

Case 2:06-cv-00124-AEG   Filed 08/17/07   Page 3 of 3   Document 20